IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-72-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIMOTHY MICHAEL DEAVER | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on January 11, 2023 at which time Defendant made his initial appearance in this district. This Order memorializes and clarifies various rulings the Court made during the course of those proceedings.

I. Background

On December 14, 2022, a Superseding Bill of Indictment was filed charging Defendant and his co-defendants with sixty-two (62) counts of transmitting threatening communications in interstate commerce and one (1) count of conspiracy to commit kidnapping. Doc. 60.

Defendant was arrested on December 14, 2022 and appeared before the United States District Court for the Northern District of Illinois on December 15, 2022. Documents from the Northern District of Illinois indicate that Defendant wished to proceed *pro se* at the time, that the Government moved

1

for pretrial detention, that the court found that a detention hearing should be held, and that Defendant requested an identity hearing. See Doc. 83.

The Illinois documents further state that an identity hearing was conducted before the Honorable Gabriel Fuentes, United States Magistrate Judge, on December 19, 2022, after which the court found that the Government had established Defendant's identity. The court also conducted a detention hearing and an Order of Detention Pending Trial was entered. Id.

## II. Self-Representation

During the proceedings on January 11, 2023, the Court advised Defendant of his rights regarding counsel. In response, duty counsel from the Federal Defender's Office, who was appearing with Defendant, reported that Defendant wished to represent himself. The undersigned then inquired of Defendant concerning his request.

"The Sixth Amendment provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence.' U.S. Const. amend. VI. That right includes the right to waive counsel and to represent oneself." United States v. Roof, 10 F.4th 314, 351 (4th Cir. 2021), cert. denied, 143 S. Ct. 303 (2022) (citing Faretta v. California, 422 U.S. 806, 834-36 (1975)).

"Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a defendant obviously cannot enjoy

2

both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). Specifically, the assertion of the right of self-representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely. Id. (citing Faretta, 422 U.S. at 835; United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir.1985); Godinez v. Moran, 509 U.S. 389, 400–01 (1993); United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir.1997); United States v. Lawrence, 605 F.2d 1321, 1325 n. 2 (4th Cir.1979)).

During the Court's exchange with Defendant, he was advised about, and expressed an understanding of, the pending charges and the potential penalties associated with those charges. Defendant also acknowledged the risks he faces by choosing to represent himself, and the undersigned's recommendation that self-representation not be attempted in this case.[1]

Both the Government and duty counsel from the Federal Defender's Office indicated that they had no concerns with regard to Defendant's

---

[1] At one point, Defendant referenced the Sixth Amendment and stated that, though he wanted to represent himself, he would like to be able to consult with "counsel." That is, Defendant appeared to indicate he planned to seek advice from a non-attorney about his case. However, he expressly stated that he did not wish to be represented by an attorney and wanted to represent himself.

3

competency, and the undersigned notes that Defendant was polite and attentive during the proceedings.

Under these circumstances, the undersigned was persuaded that Defendant had sufficiently demonstrated that he wished to waive his right to counsel and that he should be allowed, at this time, to appear *pro se*. See United States v. Taylor, 21 F.4th 94, 102 (3d Cir. 2021) (stating that courts have repeatedly concluded that "sovereign citizens" may represent themselves) (collecting cases); United States v. Neal, 776 F.3d 645, 658 (9th Cir. 2015) (finding that, where the record did not indicate defendant failed to understand the nature of the charges against him, the possible penalties, or the dangers and disadvantages of self-representation, his request to represent himself could not be denied solely because he adhered to "the 'sovereign citizen' ideology").

The Court also concluded that standby counsel should be appointed.

### III. Detention Hearing

The Government indicated that it had reviewed the documents from the Northern District of Illinois and contended that Defendant had received a full detention hearing there such that he is not entitled to a second detention hearing in this district.

In response, Defendant argued generally that his detention pending trial is improper, that the Court should consider the issue of his pretrial detention,

4

and that he was previously told he would have an opportunity to be heard further on the issue of detention in this district.

Having closely reviewed the docket, including the Order of Detention Pending Trial in which the court in the Northern District of Illinois found that the Government had proven by a preponderance of the evidence that there was a serious risk that Defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure his appearance as required, the undersigned concluded that the record sufficiently demonstrates that a contested detention hearing was held before the United States District Court for the Northern District of Illinois.

Further, the undersigned concluded that Defendant is not entitled to a second detention hearing in this district. See e.g., United States v. Larker, No. 2:22-CR-59-JAM-KJN, 2022 WL 1570543, at *8 (E.D. Cal. May 18, 2022) citing United States v. Wren, No. 2:16-mj-562-NJK, 2016 U.S. Dist. LEXIS 134691, *3 (D. Nev. Sep. 29, 2016) ("[T]he Bail Reform Act of 1984 provides two clear avenues for reconsideration of a fully adjudicated detention order, which do not include a second detention hearing [after transfer from an arresting-district].").[2]

---

[2] Should Defendant seek a review of the detention order issued by Magistrate Judge Fuentes in the Northern District of Illinois, as opposed to a new detention hearing here, multiple authorities indicate that such a review must

## IV. Oral Motion to Dismiss

At the conclusion of the proceedings, the Court asked the parties if there was anything further to be addressed. In response, Defendant made a brief oral motion that the charges against him be dismissed on the ground that there has been no tangible evidence of harm to any person or property. In making the motion, Defendant cited "canon law."

The Government was heard in opposition to the motion.

Because a grand jury sitting in this district has indicted Defendant, as indicated in the Superseding Bill of Indictment, probable cause has been found with regard to the pending charges. Further, it was not clear what Defendant meant by his reference to "canon law" or how any such authority could serve as a basis for challenging the indictment.

Therefore, the undersigned denied the motion as procedurally improper.

Having considered the matter further, the Court will now *sua sponte* amend its ruling in two ways.

First, though the Court indicated the motion was also being denied as nonjusticiable, that alternative basis for the ruling is withdrawn.

---

be undertaken by a district judge in this district and not by a magistrate judge. See e.g., 18 U.S.C. § 3145(b); Larker, 2022 WL 1570543, at *4 (citation omitted) ("Section 3145 allows for a one-time review of a magistrate judge's bail order by the district judge in the charging district."); United States v. Cisneros, 328 F.3d 610 (10th Cir. 2003).

Second, the Court concludes that the denial of Defendant's oral motion should be clarified as being without prejudice. As Defendant was advised during the Court's inquiry regarding Defendant's request to represent himself, in addition to the Federal Rules of Criminal Procedure, the Local Criminal Rules of this district provide certain additional procedures that govern the adjudication of criminal matters. Local Criminal Rule 47.1 requires that a brief be filed contemporaneously with any potentially dispositive pretrial motion and that, unless directed otherwise, the Government respond to all potentially dispositive defense motions, including motions to dismiss an indictment.

Should Defendant wish to renew his motion to dismiss the Superseding Bill of Indictment, he is advised that any such motion must be filed in conformity with the Federal Rules of Criminal Procedure and this district's Local Criminal Rules and must be appropriately supported.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's request to represent himself is **GRANTED** and the Office of the Federal Defender is respectfully **DIRECTED** to assign standby counsel for Defendant forthwith.

7

Case 1:22-cr-00072-MR-WCM   Document 99   Filed 01/13/23   Page 7 of 8

2. Defendant's request for a new detention hearing is **DENIED**.

3. Defendant's oral motion to dismiss the Superseding Bill of Indictment is **DENIED WITHOUT PREJUDICE** as procedurally improper.

Signed: January 12, 2023

W. Carleton Metcalf
United States Magistrate Judge