IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-72-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TIMOTHY MICHAEL DEAVER ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter came before the Court on January 13, 2023 for Defendant's arraignment. The Government was represented by Special Assistant United States Attorney Annabelle Chambers. Defendant appeared *pro se* and was accompanied by his standby counsel, Howard W. Anderson, III. This Order memorializes rulings the Court made during the course of those proceedings.

I. Arraignment

The Government advised that notice of the proceedings had been provided to the alleged victims. Defendant confirmed he had received a copy of the Superseding Bill of Indictment and was advised of the charges and the maximum possible penalties associated with the charges. He entered a plea of not guilty and requested a jury trial. The Court's standing arraignment order

1

and standing criminal discovery order were entered and trial was set for the March 6, 2023 term.[1]

Defendant requested a speedy trial and the Court advised him that his case was being placed on the next available trial calendar for the presiding District Judge.

## II. Oral Motion to Dismiss

At the conclusion of the proceedings, the Court asked the parties if there was anything further to be addressed. In response, Defendant made an oral motion that the charges against him be dismissed.

The Government was heard in opposition to the motion.

This oral motion was similar if not identical to the oral motion to dismiss Defendant made during his initial appearance. The Court denied the instant motion without prejudice as procedurally improper on the same grounds it had denied Defendant's previous motion to dismiss. See Doc. 99; Local Criminal Rule 47.1.

## III. Oral Motion for Additional Detention Hearing

Defendant also requested that he be released from custody, which request the Court construed as being an oral motion for an additional detention hearing.

---

[1] The Government advised that it intended to file a notice regarding how it proposed to produce discovery to Defendant and his standby counsel.

The Government was heard in opposition to this motion as well.

The Court noted its previous conclusion that a detention hearing had been conducted before the United States District Court for the Northern District of Illinois and denied Defendant's motion on the same grounds it had denied his previous request for a second detention hearing. See Doc. 99.

## IV. Standby Counsel Issues

Last, Mr. Anderson inquired regarding various logistical matters concerning his role as standby counsel for Defendant. One of those issues pertained to whether Mr. Anderson was permitted to file a motion to reschedule any hearings, if necessary, should he be unable to attend. The Court advised that it would require Mr. Anderson to be present at any hearing involving Defendant and, consequently, that he was authorized to file, as standby counsel, a request for the continuance of a hearing.

IT IS THEREFORE ORDERED THAT:

1. Defendant's oral motion to dismiss the Superseding Bill of Indictment is **DENIED WITHOUT PREJUDICE** as procedurally improper.
2. Defendant's request for an additional detention hearing is **DENIED**.

Signed: January 13, 2023

W. Carleton Metcalf
United States Magistrate Judge