### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

```
_____  )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
             vs.                 )    CASE NO. 1:22-CR-72-MR-WCM-1
                                 )
                                 )
TIMOTHY MICHAEL DEVER,           )
                                 )
             Defendant.          )
_____  )
```

### WEDNESDAY, FEBRUARY 15, 2023
### [DCR-Recorded Motion Hearing and Plea Hearing]
### HELD IN ASHEVILLE, NORTH CAROLINA
### BEFORE THE HONORABLE W. CARLETON METCALF
### UNITED STATES MAGISTRATE JUDGE


<u>APPEARANCES</u>:

<u>On Behalf of the Government</u>:

**DAVID ANDREW THORNELOE, Assistant U.S. Attorney**
**Office of U.S. Attorney - Western District of North Carolina**
**233 U.S. Courthouse Building**
**100 Otis Street, Suite 233**
**Asheville, North Carolina  28801**


<u>On Behalf of the Defendants</u>:

**HOWARD W. ANDERSON, III, Esquire**
**Truluck Thomason, LLC**
**3 Boyce Avenue**
**Greenville, South Carolina  29601**

```
 1              (Wednesday, February 15, 2023)

 2                   P R O C E E D I N G S

 3

 4              (Open Court at 10:12 a.m.)

 5         THE COURT:  This is the case of Timothy Michael Dever.

 6    Case No. 1:22-CR-72.

 7              This matter is before the Court this morning for a motion

 8    hearing as well as an arraignment.

 9              Let me first inquire of the Government as to victim

10    notice.

11              Mr. Thorneloe.

12         MR. THORNELOE:  Yes, your Honor.  The victims have been

13    put into our VNS system and will be continually notified of hearings

14    as we move forward.

15         THE COURT:  Very well.  Thank you.

16              I'm going to take up the motion regarding counsel first.

17    That is Document No. 17 specifically captioned as Motion for

18    Clarification Regarding Status of Counsel, and then I'll move to the

19    other matter.

20              So let me first hear from you, Mr. Anderson.  I

21    understand that he now wishes to have counsel appointed for him?

22         MR. ANDERSON:  Yes, Judge.  I have filed on the docket a

23    written Advice of Rights and a consent.  He and I have spoken about

24    it at length.  I've spoken with him this morning.  It's my

25    understanding that he still does wish to have full counsel if he
```

1  qualifies under the CJA.

2      THE COURT:  You've had plenty of time to do -- discuss

3  these matters with him?

4      MR. ANDERSON:  Yes.  We have talked at great length about

5  the advantages and disadvantages of having an attorney and any

6  Advice of Rights.  He understands that if he has an attorney, I'm

7  the one who gets to file motions and I can only file motions that I

8  think are appropriate.  And that his communication with the Court

9  would be limited to requesting that I be relieved if I were

10  appointed.

11      THE COURT:  I have reviewed the motion as well as the

12  exhibit to that motion.  That's Document 117-1.  Just to confirm,

13  did he sign that exhibit?

14      MR. ANDERSON:  Yes, your Honor.

15      THE COURT:  And does he understand that in order for the

16  Court to consider appointing counsel for him, he would have to

17  submit a financial affidavit?

18      MR. ANDERSON:  Yes, your Honor.

19      THE COURT:  Now, in preparing for the hearing today, I

20  have reviewed the docket and I see that the motion to appoint

21  counsel was filed on February the 6th.

22      Shortly after that, that is, on the same date, there were

23  filed additional documents.  That's Documents 118, 119 and 120.

24  Those show on the docket as being a *pro se* motion.  It's 118.  A *pro*

25  *se* miscellaneous filing, 119.  And another *pro se* miscellaneous

1  filing.

2          Does the fact that those were filed at the same time as

3  the motion create some confusion here or suggest that there's

4  inconsistent statements or positions being taken?

5          MR. ANDERSON:  Judge, when those were docketed, of

6  course, I was surprised to see that they were docketed, but it

7  appears that they were dated and mailed before the written consent

8  form.  So that's my understanding is that it was just the delay in

9  getting it to the clerk's office and having it scanned in.

10          So in relation to when he signed the form, it's my

11  understanding that he signed the form after those had been placed in

12  the mail so he was unable to retrieve them.

13          THE COURT:  All right.  And if the Motion to Appoint

14  Counsel is -- his request to appoint counsel were to be allowed,

15  what is your position as to what should be done with those *pro se*

16  filings to the extent they seek some relief from the Court?

17          MR. ANDERSON:  I would move to withdraw all motions and

18  then I would refile them, when and if appropriate, and in the form

19  that I deem appropriate.

20          THE COURT:  Very well.  Anything else that you would want

21  to tell me before I inquire of the defendant specifically and only

22  with regard to the issue of counsel?

23          MR. ANDERSON:  I do have some information about the

24  financial affidavit.  I don't know if you want to deal with the

25  query about whether he wants counsel first before we get to whether

1    he qualifies or whether you want me to go ahead and talk about the

2    financial affidavit.  I don't know how your Honor wants to proceed.

3              THE COURT:  So you have a financial affidavit that he

4    signed?

5              MR. ANDERSON:  I have a financial affidavit that we went

6    over.  It is not signed.

7              Mr. Dever is married and has been married for a long time

8    and he has not handled the finances for, I think it was, 20 some

9    years.  His wife handles all of that.  So he -- I'm sorry, as I

10   understand it, it's 33 years.

11             He is generally aware as to what he thinks that he owns.

12   He is not generally aware as to what they owe.  I have spoken to his

13   wife and she is available by phone if we need to have testimony

14   about it.  I am prepared to proffer to the Court what she would say

15   because this is a bit of an unusual situation because there are a

16   lot of assets, but the wife assures me that they are technically

17   insolvent because of an outstanding loan to the SBA; but there are

18   significant assets in terms of real estate, which has a mortgage;

19   cars, which have some loans.

20             But this is not a typical situation where there is no

21   asset to be housed and we have to deal with the issue about whether

22   it matters that he has an outstanding loan to the SBA.  Does that

23   factor into the Court's analysis as to whether he does or doesn't

24   qualify.

25             So, again, I'm prepared to sort of proffer all that to

1  you and sort of go from there.  Or if you wanted to get the wife on

2  the phone, I can examine her and have formal evidence.  However the

3  Court wants to proceed.  But it's just an unusual situation here.

4          THE COURT:  I believe what I'm going to do first is hear

5  from the defendant himself in the sense that I do want to confirm

6  with him that he does, in fact, want counsel in this case.  And if

7  that is what he seeks, then I'll proceed to the financial

8  affidavit issue.

9          MR. ANDERSON:  Thank you, Judge.

10          THE COURT:  Mr. Dever, if you would stand.

11          I am only discussing, of course, at this time the issue

12  of a lawyer for you.  You otherwise do have the right to remain

13  silent, let me remind you of that.  That you do not have to say

14  anything about the case as anything could be held against you by the

15  Government.  Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Have you heard everything and understood

18  everything that's been said today in the hearing so far?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you wish to have counsel for -- appointed

21  for you now at this time?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And have you had plenty of time to discuss

24  that issue with Mr. Anderson?

25          THE DEFENDANT:  Yes.

1              THE COURT:  And do you understand that as part of that

2     consideration, that is, the Court's decision about whether to

3     appoint counsel, that I will need to review a financial statement

4     from you?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  The exhibit that has been filed to the motion

7     that Mr. Anderson submitted, the exhibit is called Consent For

8     Appointment of Counsel.  Did you sign that document?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  And do you understand that Mr. Anderson has

11    indicated to the Court that if he were to be allowed to appear as

12    your lawyer, he would move to withdraw those other filings that were

13    made -- Documents 118, 119 and 120, I believe -- on the docket?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Anything else you want to tell me about the

16    issue of counsel here?

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  All right.  You had previously asked and had

19    been allowed to represent yourself, but just to be abundantly clear,

20    you want to change that position now and you do want a lawyer?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And do you have any objection to Mr. Anderson

23    specifically being appointed for you in this case?

24             THE DEFENDANT:  No.

25             THE COURT:  All right.  Thank you, sir.  You may sit

1   down.

2           Mr. Thorneloe, does the Government have a position on the

3   motion?

4           MR. THORNELOE:  Your Honor, we have no objection to the

5   appointment of counsel.  We think that's appropriate.  And we think

6   that the Court should proceed to look into the financial affidavit

7   as appropriate.

8           THE COURT:  Very well.  Thank you.

9           All right.  Let me get into that issue now then.  Mr.

10  Anderson, anything you want to submit?  I need to see some paper or

11  hear something more about that.

12          MR. ANDERSON:  Yes, Judge.

13          So I have prepared the affidavit and it really only lists

14  the assets and I don't want the blanks to be taken as representation

15  that he doesn't say that he owes anything.

16          Again, as I understand it, he just doesn't know so I'm

17  prepared to proffer that, that I can hand up the sheet of assets

18  that he believes that he has.

19          THE COURT:  All right.  You may approach with that.

20          MR. ANDERSON:  I'll have him sign it here, Judge.

21                          (Brief pause)

22          THE COURT:  All right.  I have the financial affidavit.

23          You indicated, Mr. Anderson, you were proffering that,

24  notwithstanding the assets shown on that affidavit, that he and his

25  wife are essentially insolvent?

1          MR. ANDERSON:  Yes, Judge.  So I have spoken to his wife

2     specifically this morning after I determined that he was not able to

3     estimate as to what he owes and so I spoke to her right before

4     coming in here.  So I will tell you what she has told me what their

5     assets and liabilities are for the Court's consideration, for assets

6     that are in his name or in their joint names.

7          So in terms of the home, she estimates that it's worth

8     about $600,000 and it's titled in both names and they have a

9     mortgage on that also titled in both names of approximately

10    $450,000.  So that would be about $150,000 in equity split between

11    the two of them.

12          There are three vehicles.  There is a Porsche that she

13    estimates is worth about $20,000.  There's a 1999 Viper that she

14    estimates is worth about $25,000.  And a 1997 motor home that was

15    purchased for $10,00 that she thinks might have a value of about

16    $2,500.

17          She says that there are auto loans.  One of about $19,000

18    and then the other of about $2,800.  So that would be about $20,000

19    in vehicle equity, again, split between husband and wife.

20          She says that he does have approximately $2,500 in a

21    union pension fund from several decades ago, but no other stocks or

22    bonds or anything like that.

23          They do have a joint banking account, both checking and

24    savings, and she says that that has a value today of approximately

25    $1,000.

1          Then the significant liability is that he had a small

2    business loan that he got through the SBA and there's a note that's

3    owed to the SBA in his name alone that she says is worth $500,000

4    owed to the SBA.

5          So she thinks that they are insolvent.  Now, she does

6    work so she has an income, but she thinks that they probably are

7    insolvent and/or that their assets are illiquid and it would be hard

8    to raise the funds to hire an attorney.

9          In a case of this magnitude, Judge, if I were quoting it

10    as a private attorney, given the number of charges and the severity

11    of the charges, I would want to a retainer of probably about 45 or

12    $50,000 just because there are so many charges here.  That it's not

13    a 924(c) or something like that, so it's a significant fee that

14    would be required.

15          And, of course, there are folks that live out of state.

16    And so if he doesn't qualify, he might have to pay their fees to

17    come in.  So I would say that he would probably need to be able to

18    raise, say, $70,000 to make sure that he has funds not only for the

19    lawyer, but for the witnesses and experts and all the other things

20    that go into a trial.

21          THE COURT:  All right.  Thank you.

22          Mr. Thorneloe, does the Government want to add anything

23    or take a position with regard to the financial affidavit?

24          MR. THORNELOE:  Your Honor, we're not going to take a

25    specific position on that.  We'll allow the Court to make its

1  determination.

2  THE COURT:  All right.  Thank you.

3  I note that the standard here is found under Title 18,

4  United States Code, Section 3006A, Subsection (b), indicates that

5  unless a person waives representation by counsel, the United States

6  Magistrate Judge or the Court is satisfied, after an appropriate

7  inquiry, that the person is financially unable to retain counsel,

8  shall appoint counsel to represent him.

9  I do find in that regard that the defendant qualifies

10  based on the information provided both in the financial affidavit

11  and as now proffered by Mr. Anderson.  Therefore, the defendant's

12  invocation of his right to be represented by counsel and his

13  revocation of his request to represent himself are acknowledged.

14  His request for the appointment of counsel and the motion

15  filed by Mr. Anderson to that effect -- that is Document

16  No. 117 -- are granted and Mr. Anderson, who has been appearing as

17  stand-by counsel, is appointed as counsel for defendant for all

18  purposes.

19  Now that you are in place for that, Mr. Anderson, any

20  questions or further issues in that regard from your side?

21  MR. ANDERSON:  No, your Honor.

22  THE COURT:  How about from the Government, Mr. Thorneloe?

23  MR. THORNELOE:  Not at this time, your Honor.

24  THE COURT:  Mr. Anderson, let me -- before I go to the

25  arraignment -- now turn to the defendant's other *pro se* filings.

1  What would your position be there?

2          MR. ANDERSON:  At this time, your Honor, all *pro se*

3  motions I would ask to be withdrawn without prejudice.

4          THE COURT:  Any objection by the Government?

5          MR. THORNELOE:  No, your Honor.

6          THE COURT:  That request is allowed.  And to the extent

7  the *pro se* filings now appearing on the docket as Documents 118, 119

8  and 120 can be considered motions, they are withdrawn without

9  prejudice to be filed -- refiled, if appropriate, by Mr. Anderson in

10  conformity with the local rules.

11          Very well.  Now, let me turn next to the issue of

12  arraignment of the defendant.

13          In that regard, let me first inquire of the Government.

14  I do see that a second superseding Bill of Indictment has been filed

15  against the defendant here.  Does that document also pertain to his

16  co-defendants, Ms. Moody and Mr. Murphy?

17          MR. THORNELOE:  Your Honor, not in the sense that they

18  are (inaudible) arraignment or anything of that nature there.  They

19  are mentioned there as co-conspirators, which we still maintain that

20  they are, however, they have not dropped off the second superseding

21  indictment.  And I don't think the Court has anything concerning the

22  second superseding Bill of Indictment that needs to do with those

23  co-defendants.

24          THE COURT:  So the document -- and I ask this in

25  connection with the arraignment of the defendant that's here today.

```
 1   Obviously he's the only one here to be arraigned on the second
 2   superseding bill.  The charges against him in the second superseding
 3   bill have been modified as opposed to the first superseding
 4   indictment, but it was unclear to me whether this charging document
 5   also charges or has an effect on the charges pending against his
 6   co-defendants, Mr. Murphy and Ms. Moody.  Obviously there is a
 7   motion to dismiss the charge against -- or charges against Mr.
 8   Murphy.  And it's helpful for the defendant to know -- he may want
 9   to know if he has co-defendants now in this case, which is why I'm
10   asking that question.
11           MR. THORNELOE:  Your Honor, I don't think he has
12   co-defendants at this time.  I think technically they're individuals
13   separately.
14           Regarding Mr. Murphy, it's our position, and we would
15   inform the Court, that he is now deceased and, therefore, he cannot
16   appear before this Court any further and we had moved to dismiss
17   that -- all charges against him and he's not named in the new
18   superseding Bill of Indictment.
19           And then as to Ms. Moody, she has pled guilty to the
20   first superseding Bill of Indictment and that is the only -- the
21   original Bill of Indictment and the superseding are the only ones
22   that impact her and her plea agreement fully resolves all charges on
23   that superseding Bill of Indictment.
24           And since she's not named as a co-defendant in the second
25   superseding Bill of Indictment, we don't think the Court has any
```

```
 1   business to do with her with this second superseding Bill of
 2   Indictment.
 3            THE COURT:  All right.  Thank you, Mr. Thorneloe.  I
 4   appreciate that.
 5            I'm now going to conduct the arraignment on the
 6   superseding bill with regard to Mr. Dever.
 7            And I should ask, Mr. Anderson, is it DEE-VER or DEV-ER?
 8            MR. ANDERSON:  Dever.  Dever like never, Judge.
 9            THE COURT:  Very well.  Thank you.  I'll try to make sure
10   I pronounce that correctly then.
11            Mr. Dever, if you would stand.
12            As you have heard, a second superseding Bill of
13   Indictment has now been filed in your case.  That document is
14   Document No. 122.  It was filed on February the 8th, 2023.  It's six
15   pages long and it contains a number of counts.  Specifically, it
16   contains 58 counts.
17            Has the defendant received a copy of the superseding --
18   second superseding Bill of Indictment, Mr. Anderson?
19            MR. ANDERSON:  Judge, I have not printed out a hard copy
20   for him.  We did review the draft one with Mr. Gast last week, but
21   he does not have a hard copy of that.
22            THE COURT:  All right.  Madam Clerk, thank you for having
23   a copy ready.
24            Marshal, if you would hand that to the defense table.
25                         (Brief pause)
```

1          THE COURT:  All right.  Now a copy of the second

2    superseding Bill of Indictment has been delivered to the defendant.

3          At this time, Mr. Dever, the law requires that I advise

4    you of the substance of the charges or read those to you.  I'm going

5    to advise you about those at this time.

6          The superseding -- second superseding Bill of Indictment

7    is Document No. 22 and Counts One through 57 allege, in part, as

8    follows:

9          That on or about the date set forth in the table below,

10   in Haywood County, that the defendant, Timothy Michael Dever,

11   knowingly and willfully did transmit, in interstate and foreign

12   commerce, communications, those being so-called "Writs of Execution"

13   sent by fax and other means, containing threats to kidnap the

14   persons referenced in the table below, and did aid and abet Darris

15   Gibson Moody, Dee Thomas Murphy, and others known and unknown to the

16   Grand Jury in so doing.

17         The defendant transmitted and aided and abetted the

18   transmission of the communication for the purpose of issuing the

19   threats, and with knowledge that communications would be viewed as

20   threats.

21         There is contained in that charging document now a table

22   referencing 57 individuals by their initials and the dates of the

23   alleged offense.

24         All in violation of Title 18, U.S. Code, Sections 875(c)

25   and Subsection 2.

1        Count 58 alleges that beginning on a date unknown to the

2   Grand Jury, but at least as early as April 2022, and continuing

3   until on or about September the 7th, 2022, in Haywood County, the

4   defendant, Timothy Michael Dever, conspired, confederated and agreed

5   with Darius Gibson Moody, Dee Thomas Murphy, and others, both known

6   and unknown to the Grand Jury, to unlawfully kidnap, seize, confine,

7   inveigle, decoy, abduct, and carry away other persons, and hold them

8   for ransom, reward and otherwise; and, in committing and in

9   furtherance of the commission of the offense;

10        To transport them in interstate and foreign commerce;

11        And to use any means, facility, and instrumentality of

12   interstate and foreign commerce, those being the Internet and

13   cellular telephone network, automobiles, and the interstate highway

14   system.

15        Also included in the second superseding Bill of

16   Indictment is a section entitled "Overt Acts".

17        All this being in violation of Title 18, United States

18   Code, Section 1201, Subsection (c).

19        Now, Mr. Anderson, would the defendant like further

20   advisements with regard to the charges or the maximum penalties?

21        MR. ANDERSON:  I think an advice as to the penalties

22   would be appropriate, Judge.

23        THE COURT:  That would be fine.  I'm glad to go over

24   that.

25        With regard to Counts One through 57, each of those

counts would carry the following penalties:

I would advise the defendant, first of all, that he is presumed innocent of each and every charge pending against him. However, if he were to be found guilty as to Counts One through 57, each count would carry the following penalties:

A term of imprisonment of not more than five years, a fine of up to $250,000, not more than three years of supervised release and a one hundred dollar special assessment.

With regard to Count 58, if he were to be found guilty on that count, the maximum penalty would be a term -- any term of years or life in prison, a fine of up to $250,000, not more than five years of supervised release and a one hundred dollar special assessment.

Now, Mr. Anderson, anything further that the defendant would like with regard to advisements as to the charges or the penalties?

MR. ANDERSON:  No, your Honor.

THE COURT:  How does he plead then with regard to the second superseding Bill of Indictment?

MR. ANDERSON:  Please enter a plea of not guilty and show a request for trial by jury.

THE COURT:  Very well.  The record will reflect the defendant has entered a plea of not guilty and does request a jury trial on each count now pending against him in the second superseding Bill of Indictment.

1          The standard pretrial orders of the Court have been

2    entered previously in this court and -- in this matter, I should

3    say, and they will continue to apply as does the order pursuant to

4    the Due Process Protection Act.

5          I believe trial is scheduled for March the 6th so if any

6    party would like that to be changed, then they can file a motion to

7    that effect, but that would be the trial date at this time.

8          MR. ANDERSON:  Judge, do we not qualify already under the

9    30-day rule for a continuance or do I need to file a written motion

10   with Judge Reidinger?

11         THE COURT:  I think it would be more appropriate since

12   that has already been set.  This is, of course, his arraignment on

13   the new charging document.  I think it would be more appropriate to

14   file a motion in that regard.

15         MR. ANDERSON:  Thank you, Judge.

16         THE COURT:  All right.  Anything further from the

17   Government?

18         MR. THORNELOE:  Not today, your Honor.

19         THE COURT:  How about from the defendant?

20         MR. ANDERSON:  Not at this time, Judge.

21         THE COURT:  Very well.  Then that will conclude all the

22   matters in Mr. Dever's case for today.

23         MR. ANDERSON:  Thank you.

24

25                  (Hearing concluding at 10:36 a.m.)

```
 1                    UNITED STATES DISTRICT COURT

 2                 WESTERN DISTRICT OF NORTH CAROLINA

 3

 4                 CERTIFICATE OF OFFICIAL REPORTER

 5

 6             I, Michelle A. McGirr, RMR, CRR, CRC, Federal Court

 7   Reporter, in and for the United States District Court for the

 8   Western District of North Carolina, do hereby certify that the

 9   foregoing transcript is a true and accurate transcription from a

10   recording to the best of my ability.

11

12

13

14   Dated this 9th day of October, 2023

15

16                                  /s/ Michelle A. McGirr
                                    MICHELLE A. McGIRR
17                                  RMR, CRR, CRC
                                    U.S. Official Court Reporter
18

19

20

21

22

23

24

25
```